# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                        Case No: 8:16-cr-457-T-27CPT

**EVANGELISTA TORRES-CAMPAZ**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* "Motion for Compassionate Release 18 U.S.C. § 3582(c)(1)(A) and [18] U.S.C. § 4205(g)" (Dkt. 178) and the United States of America's response (Dkt. 179). Upon consideration, the motion is **DENIED**.

Torres-Campaz stands convicted of conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 165). He was sentenced to 240 months imprisonment, followed by 5 years of supervised release. (Id.). He now moves for a sentence reduction because "[t]he risk of COVID-19 to the health of Mr. Torres is such that, due to his underlying medical conditions, he faces a substantial probability of severe long-term physical damage or death." (Dkt. 178 at 2). Specifically, he asserts that "[b]lack mold is all throughout the air system" and that he suffers from "asthma," "heart disease – hypertension," and "allergic rhinitis." (Id. at 3, 5-9). He further contends that his "wife and sole provider for their 3 children was diagnosed with Bipolar 1 Disorder" and that his children "have no care giver due to their mother's medical condition." (Id. at 12). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step

1

Act of 2018, § 603(b). Torres-Campaz asserts that he has exhausted his administrative remedies because 30 days have elapsed since he filed his request with the Warden.[1] (Dkt. 178 at 25). Torres-Campaz does not provide a copy of that request. Rather, he submits the Warden's denial letter, dated June 11, 2020, which explains that Torres-Campaz requested a reduction in sentence "based on Non-Medical Other Extraordinary and Compelling Circumstances; Death or Incapacitation of the Family Member Caregiver," and that those concerns did not warrant an early release from his sentence. (Dkt. 178-1 at 1-2). Missing from the Warden's denial, however, is any indication that Torres-Campaz requested the Warden to consider his medical conditions or COVID-19. Accordingly, Torres-Campaz has not demonstrated that he has exhausted his administrative remedies as to a request for compassionate release based on his medical conditions, black mold, or COVID-19.[2]

Even if he did exhaust his administrative remedies, Torres-Campaz has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

[1] The United States argues that because Torres-Campaz failed to appeal the Warden's denial, "he has failed to exhaust his administrative remedies and his motion should be denied on that basis alone." (Dkt. 179 at 10).

[2] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the reasons offered by Torres-Campaz fall within these circumstances. First, nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[3] U.S.S.G. § 1B1.13, cmt. n.1. Rather, his medical records reflect that his asserted conditions are treated with medication. (Dkt. 178-1 at 38-41). Second, he is forty-four years old and does not qualify under the age-based criteria. As for his contention that extraordinary and compelling reasons exist because cases of COVID-19 are increasing at Coleman Low, courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. And to the extent he contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 178 at 26-27), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

---

[3] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

As for § 1B1.13, cmt. n.1(C), Torres-Campaz claims that his family circumstances merit compassionate release due to his wife's diagnosis of bipolar 1 disorder. (Dkt. 178 at 10, 12). He further claims that she is the "sole provider for their 3 children" and that "the need for a caregiver . . . is obvious." (Id.). The Sentencing Commission's application notes provide that "extraordinary and compelling reasons" for a sentence reduction exist due to "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). Notwithstanding his claims, Torres-Campaz has failed to demonstrate that either of these criteria are satisfied. Although he provides medical records that reflect Nelly Banguera Joris' diagnosis of bipolar disorder, he fails to establish that such a diagnosis renders her "incapacitated" such that she is incapable of caring for herself and their children. (Dkt. 178-1 at 4-8). Further, it is not clear whether the provided 2018 records reflect his wife's current medical conditions. (Id.). Moreover, he fails to establish that he is the only available caregiver for his children.[4]

In sum, because Torres-Campaz has not exhausted the administrative remedies as to his concerns regarding his medical conditions and COVID-19, this Court is without authority to consider the merits of his request pertaining to those circumstances. Moreover, his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. And to

---

[4] Notably, Torres-Campaz' Presentence Investigation Report (PSR) appears to contradict his claim that Nelly Banquera Joris is "Defendant's wife and sole provider for their 3 children . . . ." (Dkt. 178 at 12). Specifically, his PSR reflects that he has a total of three children with two women and that "his wife and minor child are currently residing with her sister in Colombia as she was unable to support herself due to the defendant's absence." (Dkt. 157 at ¶¶ 47-51). In any event, he fails to present "family circumstances" that amount to "extraordinary and compelling reasons" warranting compassionate release.

4

the extent he requests relief under 18 U.S.C. § 4205, his contention is without merit. 18 U.S.C. § 4205 was repealed in 1987 and "applied to defendants convicted of offenses committed before 1 November 1987 . . . ." *See United States v. Joseph*, 205 F. App'x 765, 766 n.2 (11th Cir. 2006). Because Torres-Campaz' offense occurred after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A). *See Wade v. Warden Fairton FCI*, 733 F. App'x 106, 107 n.3 (3d Cir. 2019).

Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 17th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:        Defendant, Counsel of Record

5