UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No: 8:16-cr-457-T-27CPT

EVANGELISTA TORRES-CAMPAZ
_____/

# ORDER

**BEFORE THE COURT** is Torres-Campaz' Motion for Compassionate Release (Dkt. 182). No response is necessary. Upon consideration, the motion is **DENIED**.

Torres-Campaz stands convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 165 at 1). He was sentenced to 240 months imprisonment, followed by 5 years of supervised release. (Id. at 2-3). His prior motion for compassionate release was denied. (Dkts. 178, 180). He again requests compassionate release based on what he contends are extraordinary and compelling reasons. (Dkt. 182 at 1). Specifically, he asserts that "good time credits that allow[] a prisoner to increase his or her period of home confinement" are "not available to [him] and result in him seeing a much longer sentence." (Id. at 1-2). He asks this Court to "consider the sentencing disparity due to [his] Alien Status, based on the change in the law and the enhance home confinement," and contends that a "longer sentence is the definition of atypical and hardship and in violation of the Equal Protection provision of the Fourteenth Amendment of the U.S. Constitution." (Id. at 2). However, he is not entitled to relief.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First

Step Act of 2018, § 603(b); *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). Although Torres-Campaz provides documentation reflecting that 30 days have passed since he filed his request with the warden, that request did not address the sentencing disparity issue he now raises. *See* (Dkt. 182-1 at 57-64). In any event, even if he has exhausted his administrative remedies, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While § 3582(c)(1)(A) provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Torres-Campaz fall within these circumstances. His challenges to his sentence and purported inability to obtain good time credits do not constitute extraordinary and compelling circumstances. *See United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues"). Indeed, courts have found that "post-sentencing developments" in the law, including disparities in sentencing, do not constitute an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases); *United States v. Young*, No. CR 16-00210-KD-MU, 2021 WL 149845, at *5 (S.D. Ala. Jan. 15, 2021) (rejecting equal

protection claim as basis for compassionate release). And as noted in the order denying his prior motion for compassionate release, Torres-Campaz does not identify medical, age-based, or family circumstances warranting release. *See* U.S.S.G. § 1B1.13, cmt. n.1; (Dkt. 180 at 3-4). Moreover, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed June 23, 2021). In sum, Torres-Campaz' reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13.

To the extent Torres-Campaz contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); *see* (Dkt. 182 at 2). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Torres-Campaz has not established a basis to warrant compassionate release.

In summary, Torres-Campaz has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motion is **DENIED**. (Dkt. 182).

**DONE AND ORDERED** this 23rd day of June, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record